# EXHIBIT B

## John S. Baker, IV

**To:** Lee M. Hollis; Chris Mims
**Cc:** S. Andrew Kelly (Drew)
**Subject:** RE: Belizaire v. Whitecap, et. al.- Acceptance of Service

---

**From:** Ellen Katuska [mailto:Ellen.Katuska@rtt-law.com]
**Sent:** Friday, June 28, 2013 10:00 AM
**To:** cmessier@dtflaw.com; amoskowitz@dtflaw.com; rcarlson@lee-lawfirm.com; dmiller@lee-lawfirm.com; dbarnes@bryantbarnes.com; Lee M. Hollis; S. Andrew Kelly (Drew); lkomives@vilaw.com
**Cc:** Felicia Mo; Paul Platte; david.bornn@bornnfirm.vi
**Subject:** Belizaire v. Whitecap, et. al.- Acceptance of Service

Good Morning,

The attached complaint was filed with the Superior Court of the Virgin Islands. Please let me know if you are able to accept service on behalf of your client and I will prepare a Waiver of Service for you.

Thank you for your prompt attention to this matter,
Elle Katuska
Law Clerk to Paul M. Platte



| | | |
|---|---|---|
| **ROGERS TOWNSEND**<br>ATTORNEYS AT LAW | **Ellen Katuska**<br>Legal Assistant<br><br>Rogers Townsend & Thomas, PC<br>220 Executive Center Drive<br>Columbia, SC 29210 | Direct 803.744.5230<br>Fax 803.343.7017<br><br>Main 803.771.7900<br>Visit rtt-law.com |

*NOTICES*
*PRIVILEGED AND CONFIDENTIAL: This electronic message (including any attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is attorney-client privileged, may be confidential work product, or may be exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is wrongful, is strictly prohibited, and may subject you to civil liability. If you have received this communication in error, please immediately notify us by telephone at 803-771-7900 (Columbia office) or 704-442-9500 (Charlotte office) or by return e-mail, and destroy any copies (electronic, paper, or otherwise) that you may have of this communication.*

*DEBT COLLECTOR: This firm collects debts for mortgage lenders and other creditors. Any information obtained will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien.*

*IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with certain U.S. Treasury regulations, we inform you that,*

1

*unless expressly stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties that may be imposed by the IRS or to promote, market or recommend to any party any tax-related matter addressed herein. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addresses in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.*

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 1

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VICTOR BELIZAIRE and MARY J. HARRIS-BELIZAIRE,<br><br>Plaintiffs,<br><br>vs.<br><br>WHITECAP INVESTMENT CORPORATION d/b/a PARADISE LUMBER, MSI BUILDING SUPPLIES, INC., GREAT SOUTHERN WOOD PRESERVING, INC., THE PUTNAM LUMBER & EXPORT COMPANY, and PUTNAM FAMILY PROPERTIES, INC.,<br><br>Defendants. | Civil Action No.:<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COME NOW, Plaintiffs Victor Belizaire and Mary J. Harris-Belizaire, by and through Rogers Townsend & Thomas, PC, and The Bornn Firm, PLLC, for their Complaint against Defendants Whitecap Investment Corporation d/b/a Paradise Lumber; MSI Building Supplies, Inc., Great Southern Wood Preserving, Inc.; The Putnam Lumber & Export Company; and Putnam Family Properties, Inc.; allege as follows:

1. Plaintiffs Victor Belizaire and Mary J. Harris-Belizaire are homeowners on St. John, U.S Virgin Islands who purchased defective wood from Defendants Whitecap Investment Corp. d/b/a Paradise Lumber ("Whitecap" or "Paradise Lumber") and MSI Building Supplies, Inc., ("MSI").

2. Defendant Putnam Lumber & Export Company is, upon information and belief, a corporation, incorporated in the state of Florida and doing business therein and doing business in

8614893-1                                                    1

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 2

the U.S. Virgin Islands with MSI and Paradise Lumber, who sold hazardous, defective wood products to Plaintiffs.

3. Defendant Putnam Family Properties, Inc. (collectively along with Putnam Lumber & Export Company referred to as "Putnam Defendants") is, upon information and belief, a corporation, incorporated in the state of Florida and doing business therein and doing business in the U.S. Virgin Islands with MSI and Paradise Lumber, who sold hazardous, defective wood products to MSI and Paradise, who sold them to Plaintiffs.

4. Defendant Great Southern Wood Preserving, Incorporated ("Great Southern") is, upon information and belief, an Alabama corporation which provides treatment for wood products being sold to customers in the Virgin Islands, which wood products were hazardous and defective.

## FACTS COMMON TO ALL COUNTS

5. This is an action for breach of contract, negligence, strict liability, breach of warranty, and statutory violation of the Virgin Islands Consumer Protection Act, arising from the manufacture, production, distribution and sale of defective wood products by the Defendants to Plaintiffs.

6. The limitations statute is subject to equitable tolling by virtue of the Defendants' fraudulent concealment and the latent nature of the hazardous defect.

7. The hazardous and defective wood products include wood improperly treated by Defendants and distributed and sold without full disclosure and without warning as to the hazards and as wood treated for a particular use, for which it was not so treated.

8. The hazardous defects were not readily apparent or easily detectable to Plaintiffs when the hazardous, defective wood products were purchased.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 3

9. The hazardous, defective wood products are causing Plaintiffs' residential property to prematurely rot and decay. The damages are not limited to the hazardous and defective wood products purchased, but the rot and decay has spread and is spreading to the structure of their home built with non-hazardous, defective wood products.

10. The Defendants were notified of Plaintiffs' claims but refuse to take responsibility for these claims or take any action(s) to minimize Plaintiffs' damages.

11. Paradise Lumber and MSI purchased the purportedly treated wood products from the Putnam Defendants and Great Southern and then sold that wood to Plaintiffs.

12. As a direct and proximate result of Defendants' failure to provide properly treat wood products and concealing that those wood products were hazardous and defective, the Plaintiffs' home has experienced premature rotting and other defects causing further damage to the hazardous and defective wood products and to non-defective wood contaminated by the defective wood and the structures built with the hazardous and defective wood and have further endangered and caused damage to other property. This decay and rot has limited the use of the property due to safety hazards and decreased its value and caused mental anguish and suffering.

13. As is well known, the Virgin Islands experiences high winds and heavy rainfall during hurricane season. The premature rot caused by the hazardous and defective wood attached to Plaintiffs' home has spread to structural components. In strong winds, the Plaintiffs' personal property is also subject to significant damage and destruction as a result of the expected disintegration of the rotten wood. Moreover, in strong winds the tainted wood is a threat to the surrounding communities, as when it is torn loose those hazardous and defective wood products become projectiles.
8614893-1                                          3

Case: 3:13-cv-00066-CVG-RM Document #: 1-2 Filed: 07/05/13 Page 7 of 17

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 4

14. Plaintiffs' damages include the removal and rebuilding costs of materials and labor to remove the hazardous and defective wood products and the wood that has been tainted by the premature decay and rot; proper disposal of the defective and tainted wood; structural inspections; diminishment of the value of their homes; emotional distress; loss of use and loss of rents; mental anguish and suffering; loss of enjoyment of life; and, any and all other legal and equitable claims, including attorneys' fees and costs.

15. Upon information and belief, Defendants concealed the hazardous, defective nature of the wood and targeted the Caribbean to dump the hazardous, defective products that were inferior or subjected to substandard treatment in an effort to avoid stateside accountability.

16. Moreover, the aforementioned defective wood products were not suitable for the purposes for which Defendants marketed and sold them, despite Defendants' express and implied warranties.

17. The defective wood products were not fit for the particular purpose for which they were sold by Defendants and were not of merchantable quality.

18. Upon discovering the rotten wood, the Plaintiffs gave the sellers notice of the defective wood products.

19. The defective wood products are a safety hazard causing the Plaintiffs loss, including the loss of use of their property, and loss of rental income.

20. Upon information and belief, Plaintiffs believe the Defendants, either as a group conspired or individually, decided to place defective wood products in the stream of commerce with the intent to distribute to the Caribbean, including the U.S. Virgin Islands, in an effort to avoid accountability for selling substandard, defective wood products.

8614893-1                                     4

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 5

## COUNT I: BREACH OF CONTRACT AGAINST WHITECAP

21. Plaintiffs re-assert and re-allege the foregoing allegations in Paragraphs 1 through 20 as if fully set forth herein.

22. The Plaintiffs purchased the wood products for a particular purpose "i.e.: home construction and wood decking", uses for which Defendant Whitecap was aware.

23. The wood products purchased by Plaintiffs were not fit for the purpose for which they were ordered and purchased.

24. The wood products purchased by Plaintiffs were not noticeably defective when received by Plaintiffs, nor would a reasonable inspection of the wood products reveal the defective condition of the products.

25. Defendant Whitecap knew or should have known the wood products were defective and continued to sell the wood products.

26. As to each defective wood product sold, Defendant Whitecap breached its contract with Plaintiffs to deliver to Plaintiffs wood products that were fit for their intended use and not defective.

27. The Plaintiffs paid Defendant Whitecap for the defective products, which payment was accepted by Defendant Whitecap numerous times over the course of years.

28. The defective wood products were non-conforming as they were not properly treated or treated with an improper treatment, and sold as a product treated for a use for which it was not so treated.

29. Defendant Whitecap was aware of the deficiencies with the wood products or was in a superior position to learn of the deficiencies and, therefore, breached its duty of good faith and fair dealing in selling defective products to Plaintiffs.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 6

30. The Plaintiffs specifically purchased treated wood products from Defendant Whitecap as wood products properly treated for their intended use, and the Defendant Whitecap's failure to provide properly treated wood products was a material breach of its contractual obligations.

31. Defendant Whitecap breached its contractual duties under the UCC, common law, local statute, and otherwise.

32. As a result of the foregoing contractual breaches, the Plaintiffs have suffered damages and continue to suffer damages.

### COUNT II: BREACH OF CONTRACT AGAINST MSI BUILDING SUPPLIES, INC.

33. Plaintiffs re-assert and re-allege the foregoing allegations as if fully set forth herein Paragraphs 1 through 32.

34. The Plaintiffs purchased the wood products for a particular purpose "i.e.: home construction and wood decking", uses for which Defendant MSI was aware.

35. The wood products purchased by Plaintiffs were not fit for the purpose for which they were ordered and purchased.

36. The wood products purchased by Plaintiffs were not noticeably defective when received by Plaintiffs, nor would a reasonable inspection of the wood products reveal the defective condition of the products.

37. Defendant MSI knew or should have known the wood products were defective and continued to sell the wood products.

38. As to each defective wood product sold, Defendant MSI breached its contract with Plaintiffs to deliver to Plaintiffs wood products that were fit for their intended use and not defective.

8614893-1
6

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 7

39. The Plaintiffs paid Defendant MSI for the defective products, which payment was accepted by Defendant MSI numerous times over the course of years.

40. The defective wood products were non-conforming as they were not properly treated or treated with an improper treatment, and sold as a product treated for a use for which it was not so treated.

41. Defendant MSI was aware of the deficiencies with the wood products or was in a superior position to learn of the deficiencies and, therefore, breached its duty of good faith and fair dealing in selling defective products to Plaintiffs.

42. The Plaintiffs specifically purchased treated wood products from Defendant MSI as wood products properly treated for their intended use, and the Defendant MSI's failure to provide properly treated wood products was a material breach of its contractual obligations.

43. Defendant MSI breached its contractual duties under the UCC, common law, local statute, and otherwise.

44. As a result of the foregoing contractual breaches, the Plaintiffs have suffered damages and continue to suffer damages.

### COUNT III: BREACH OF CONTRACT AGAINST THE PUTNAM DEFENDANTS

45. Plaintiffs re-assert and re-allege the foregoing allegations as if fully set forth herein Paragraphs 1 through 44.

46. The Putnam Defendants sold MSI Building Supplies and Paradise Lumber the hazardous and defective wood products by taking orders for wood products from MSI Building Supplies and Paradise Lumber and then shipping the ordered product to the Virgin Islands for the expected sale to Virgin Islanders including Plaintiffs.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 8

47. The wood products ordered were ordered for a particular purpose "ie: home construction and wood decking", uses for which the Putnam Defendants were aware.

48. The wood products delivered by the Putnam Defendants were not fit for the purpose for which they were ordered and qualify as a hazardous product.

49. The wood products delivered by the Putnam Defendants were not noticeably hazardous and defective upon receipt.

50. As to each hazardous and defective wood product sold, the Putnam Defendants breached their contract with MSI Building Supplies and Paradise Lumber to deliver wood products that were fit for their intended use and not defective and hazardous. The Plaintiffs are Third Party Beneficiaries.

51. The hazardous, defective wood products were non-conforming as they were not properly treated, treated with an improper treatment, or sold as a product treated for a use for which it was not so treated, and were hazardous.

52. The Putnam Defendants were aware or should have been aware of the deficiencies with their product or were in a superior position to learn of the deficiencies and each owed a duty to ensure proper treatment, and, therefore, breached their duty of good faith and fair dealing in selling hazardous and defective products to MSI Building Supplies and Paradise Lumber, which breach was material, and the Plaintiffs as beneficiaries suffered consequential damages as a result of this breach.

53. MSI Building Supplies and Paradise Lumber specifically purchased treated wood products from the Putnam Defendants for the purposes of reselling as wood products properly treated for their intended use to the Plaintiffs in the Virgin Islands. The Putnam Defendants' failure to provide properly treated wood products or wood products treated as represented was a

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 9

material breach of its contractual obligations, for which Plaintiffs are third-party beneficiaries thereby entitling them to maintain this claim for relief.

54. The Putnam Defendants breached their contractual duties under the UCC, common law, local statute, and otherwise for which Plaintiffs are a third-party beneficiaries thereby entitling them to maintain this claim for relief.

55. As a result of the foregoing breach of contract, Plaintiffs suffered damages and continue to suffer damages and as third-party beneficiaries are entitled to maintain this claim for relief.

## COUNT IV: BREACH OF WARRANTY AGAINST ALL DEFENDANTS

56. Plaintiffs re-assert and re-allege the foregoing allegations in paragraphs 1 through 55 as if fully set forth herein.

57. Defendants treated, distributed and sold wood products to Plaintiffs, which wood products were sold to Plaintiffs for a particular purpose, to wit: to be used as treated wood products for home construction.

58. Defendants had knowledge of this particular purpose and are in the business of treating, distributing and selling treated wood products for such purposes.

59. The Plaintiffs relied on Defendants' representations and skill regarding treated wood products in purchasing their wood products for this particular purpose from Defendants.

60. When Defendants marketed, distributed and sold their wood products, which the Plaintiffs purchased, Defendants gave Plaintiffs certain implied and express warranties as provided by the UCC, common law, local statute, and otherwise, which Defendants knew or should have known would be conveyed to and relied on by Plaintiffs.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 10

61. The Plaintiffs relied on Defendants' skill and judgment to manufacture, treat, and furnish wood products suitable for the particular purpose for which they were intended and further relied on Defendants' warranties in that regard.

62. The Plaintiffs further relied on Defendants' warranty that the wood products would be merchantable as wood products for their intended use.

63. The Plaintiffs notified the Defendants of the defective wood products and demanded cure. The Defendants have failed to cure these breaches of warranty despite demand.

64. Defendants' express warranties were conveyed by way of tags attached to their wood products, by the statements and the conduct of their employees, through website representations, and otherwise, which warranties included a warranty that the wood products sold were of sufficient durability to be used for the purpose for which the products were purchased and sold.

65. The wood products treated and sold by the Putnam Defendants and Great Southern to MSI Building Supplies and Paradise Lumber, and subsequently sold to Plaintiffs, were defective, were not properly treated, or were not represented as hazardous, and as a consequence caused damage and, therefore, constitute a breach of implied and express warranties.

66. As a direct and proximate cause of the Defendants' breach of their warranties, Plaintiffs have sustained damages and may sustain further damages in the future directly and as a third-party beneficiary.

### COUNT V: NEGLIGENCE AS TO ALL DEFENDANTS

67. Plaintiffs re-assert and re-allege the foregoing allegations in paragraphs 1 through 66 as if fully set forth herein.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 11

68. Defendants, at all relevant times, held themselves out as having specialized knowledge, skill, and capability for production and sale of treated wood products for housing/commercial construction, including "marine" and "saltwater" environments.

69. The defective wood products sold to Plaintiffs were sold with Defendants' knowledge and expectation that Plaintiffs in the Virgin Islands would use the products as they were intended to be used.

70. Only Defendants had access to the wood products at the time of their treatment and sale, and only Defendants had the ability to properly test and inspect the wood products upon completion of their treatment and prior to the sale to Plaintiffs.

71. Owing to their superior expertise, specialized knowledge, and unique access to the wood products, Defendants owed a duty to Plaintiffs to ensure the wood products sold were properly treated and not hazardous.

72. Defendants breached their duty to Plaintiffs by failing to properly treat and, thereafter, test and inspect the treated wood products sold to Plaintiffs.

73. Plaintiffs suffered reasonably foreseeable damages, in an amount to be shown at trial, as a direct and proximate result of Defendants' breach of their duty of care.

74. Plaintiffs did not have access to the wood products at the time of their treatment and did not have the ability to properly test and inspect the wood products upon completion of their treatment.

75. Plaintiffs suffered reasonably foreseeable damages, in an amount to be shown at trial, as a direct and proximate result of Defendants' breach of their duty of care.

**COUNT VI: STRICT LIABILITY AGAINST ALL DEFENDANTS**

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 12

76. Plaintiffs re-assert and re-allege the foregoing allegations in paragraphs 1 through 75 as if fully set forth herein.

77. Defendants are engaged in the business of treating, selling, manufacturing, and distributing treated wood products, who placed and maintained the unreasonable dangerous, defective wood products in the stream of commerce. The Defendants expected the products to reach the consumer or user, and they did reach the user, without substantial change in the condition of the product when it was sold.

78. Defendants placed and maintained the unreasonably dangerous, defective wood products into the stream of commerce, and the Plaintiffs purchased those defective wood products.

79. Defendants are engaged in the business of treating, manufacturing, selling, and distributing treated wood products.

80. The Putnam Defendants and Great Southern sold hazardous, defective wood products to MSI Building Supplies and Paradise Lumber, who sold said products to Plaintiffs the end users as was expected by Defendants.

81. Defendants' hazardous, defective wood products caused damage to Plaintiffs.

82. Defendants' hazardous, defective wood products were defective and hazardous at the time of sale to Plaintiffs, which defects and hazards were not readily apparent or detectable by Plaintiffs.

83. As a result of the hazardous, defective wood products, Plaintiffs are entitled to damages from Defendants, without regard to their fault under a theory of strict liability.

**COUNT VII: DECEPTIVE TRADE PRACTICES AGAINST ALL DEFENDANTS**

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
COMPLAINT
Page 13

84. Plaintiffs re-assert and re-allege the foregoing allegations in paragraphs 1 through 83 as if fully set forth herein.

85. The Defendants represented to Plaintiffs that the treated wood products were fit for a particular purpose, including for the purpose of home construction and decking.

86. Upon information and belief, Defendants knowingly placed and maintained defective wood products into the stream of commerce, which the Plaintiffs purchased, that were not treated appropriately for the particular purpose for which Defendants represented those products were treated.

87. The proper treatment of the wood products for their intended purpose, which included home construction and decking, was a material term of Plaintiffs' purchase of the wood products. The Plaintiffs relied on Defendants' representations that the wood products were treated for the intended use, and induced Plaintiffs to purchase Defendants' wood products.

88. The Plaintiffs' reliance on Defendants' representation was justifiable given Defendants' superior knowledge and position with regard to the treatment of the wood products.

89. Upon information and belief, Defendants targeted the Caribbean, including the U.S. Virgin Islands, as a location to which they could sell or place inferior products into the stream of commerce with less regulation.

90. The U.S. Virgin Islands experiences hurricanes and high winds during storm season. The defective wood products are a safety hazard and pose a community-wide threat in that those defective wood products will become projectiles causing damage to the Plaintiffs' property and the surrounding property and persons.

91. As a result, Plaintiffs have been damaged as alleged herein.

*Belizaire, et al v. Whitecap Investment Corporation, et al.* Civil No.
**COMPLAINT**
Page 14

  WHEREFORE, Plaintiffs seek judgment as set forth above, damages for breach of contract, breach of statute, and breach of warranty, both actual and consequential, as well as damages for all harm caused by Defendants' tortious conduct (special and general damages), including damages for the costs to reimburse Plaintiffs for the expenses of inspections. Plaintiffs also seek their attorneys' fees and costs for having to bring the instant suit and any interest. The Plaintiffs are also entitled to punitive damages for Defendants' wanton disregard for the Plaintiffs' safety and the safety of the public.

May 24, 2013

David A. Bornn, Esquire (V.I. Bar # 164)
THE BORNN FIRM, PLLC
5079 Norre Gade, Ste. 1
P.O. Box 1677
St. Thomas, VI 00804
david.bornn@bornnfirm.vi
Tel: (340) 774-2501
Fax: (340) 774-2602

Paul M. Platte, Esquire (V.I. Bar # 884)
ROGERS, TOWNSEND & THOMAS, PC
P.O. Box 100200
Columbia, SC 29210
paul.platte@rtt-law.com
Tel: (803) 771-7900
Fax: (803) 343-7011
***Attorneys for Plaintiffs***