DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

VICTOR BELIZAIRE and MARY J. HARRIS-   )
BELIZAIRE,                              )
                                       )
                Plaintiffs,            )
                                       )      Civil No. 2013-66
        v.                             )
                                       )
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER; PUTNAM LUMBER &       )
EXPORT CO.; PUTNAM FAMILY PROPERTIES,  )
INC.; GREAT SOUTHERN WOOD PRESERVING,  )
INC.; and MSI BUILDING SUPPLIES,       )
                                       )
                Defendants.            )
_____
WHITECAP INVESTMENT CORP., d/b/a       )
PARADISE LUMBER,                       )
                                       )
                Cross-claimant,        )
                                       )
        v.                             )
                                       )
PUTNAM LUMBER & EXPORT CO.; PUTNAM     )
FAMILY PROPERTIES, INC.; and GREAT     )
SOUTHERN WOOD PRESERVING, INC.         )
                                       )
                Cross-claim defendants.)
_____
MSI BUILDING SUPPLIES,                 )
                                       )
                Cross-claimant,        )
                                       )
        v.                             )
                                       )
PUTNAM FAMILY PROPERTIES, INC.; PUTNAM )
LUMBER & EXPORT CO.; and GREAT         )
SOUTHERN WOOD PRESERVING, INC.,        )
                                       )
                Cross-claim defendants.)
_____

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 2

ATTORNEYS:

**Paul Martin Platte, Esq.**
Columbia, SC
    *For the Plaintiffs*,

**Chad C. Messier, Esq.**
**Alex Moskowitz, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
    *For the defendants/cross-claimants Whitecap Investment*
    *Corp. d/b/a Paradise Lumber and MSI Building Supplies*,

**Putnam Lumber & Export Co.**
    *Unrepresented entity*,

**Putnam Family Properties, Inc.**
    *Unrepresented entity*,

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
    *For the defendant/cross-claim defendant Great Southern Wood*
    *Preserving, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of the defendant/cross-claim defendants Putnam Lumber and Export Company and Putnam Family Properties (collectively "Putnam") to dismiss the Complaint filed by plaintiffs Victor Belizaire and Mary J. Harris-Belizaire (collectively, the "Belizaires").

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Great Southern Wood Preserving, Inc. ("GSWP") is an Alabama lumber wholesaler. In addition to selling wood, it also provides

chemical and pressure treatments to prevent lumber from decaying. The ostensible purpose of such treatments is to render the lumber safe for use in buildings.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the defendant/cross-claimant Putnam. Putnam, a Florida corporation, is itself a lumber retailer. Putnam regularly sold lumber to, among others, the defendant/cross-claimant Whitecap Investment Corporation, doing business as Paradise Lumber ("Paradise Lumber").

Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands. It sold lumber that it had purchased from Putnam, and which had been treated by GSWP, to various consumers in St. John. These consumers used the lumber in their sundry buildings. Two of these consumers are the plaintiffs in the instant case, the Belizaires.

The Belizaires contend that the GSWP-treated lumber, sold by Putnam, prematurely decayed, causing damage to their house, into which the lumber had been incorporated.

The Belizaires initiated this matter on May 28, 2013, in the Superior Court of the Virgin Islands.  The complaint named GSWP, Paradise Lumber, Putnam Lumber, and MSI Building Supplies ("MSI") as defendants. The complaint included seven counts: (1)

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 4

breach of contract against Paradise Lumber; (2) breach of

contract against MSI; (3) breach of contract against Putnam; (4)

breach of warranty against all defendants; (5) negligence

against all defendants; (6) strict liability against all

defendants; and (7) deceptive trade practices against all

defendants.

Thereafter, on April 15, 2013, Paradise Lumber filed its

answer and cross-claims against GSWP and Putnam.  Thereafter, on

July 5, 2013, Paradise Lumber removed the matter to this Court.

On June 6, 2014, Putnam filed the instant motions to

dismiss all claims against Putnam in the Belizaires' complaint.

Putnam first argues that the Belizaires' pleading is so unclear

as to require repleader.  Putnam also alleges that the complaint

fails to state claims against Putnam for which relief can be

granted. The Belizaires oppose the motions.

## II. <u>DISCUSSION</u>

When reviewing a motion to dismiss brought pursuant to

Federal Rule of Civil Procedure 12(b)(6), the Court construes

the complaint "in the light most favorable to the plaintiff." *In

re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir.

2010). The Court must accept as true all of the factual

allegations contained in the complaint and draw all reasonable

inferences in favor of the non-moving party. *Alston v. Parker*,
363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim
upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).
"[A] plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action
will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555
(2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544
(2007), set forth the "plausibility" standard for overcoming a
motion to dismiss and refined this approach in *Ashcroft v.
Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires
the complaint to allege "enough facts to state a claim to relief
that is plausible on its face." *Twombly*, 550 U.S. at 570. A
complaint satisfies the plausibility standard when the factual
pleadings "allow[] the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." *Iqbal*,
556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard
requires showing "more than a sheer possibility that a defendant
has acted unlawfully." *Id.* A complaint which pleads facts
"'merely consistent with' a defendant's liability, . . . 'stops
short of the line between possibility and plausibility of

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 6

"entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at

557).

To determine the sufficiency of a complaint under the

plausibility standard, the Court must take the following three

steps[1]:

> First, the court must "tak[e] note of the
> elements a plaintiff must plead to state a
> claim." Second, the court should identify
> allegations that, "because they are no more
> than conclusions, are not entitled to the
> assumption of truth." Finally, "where there
> are well-pleaded factual allegations, a
> court should assume their veracity and then
> determine whether they plausibly give rise
> to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)

(quoting *Iqbal*, 556 U.S. at 674, 679).

## III. <u>ANALYSIS</u>

The Belizaires assert what appear to be five counts against

Putnam: breach of contract, breach of warranty, negligence,

strict liability, and deceptive trade practices.  Putnam claims

that the complaint does not allege facts sufficient to show a

plausible entitlement to relief under any of the aforementioned

theories.  Putnam asks that the Court dismiss the complaint

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the
Supreme Court took note of the elements a plaintiff must plead to state a
claim before proceeding to its two-step approach. Accordingly, the Third
Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d
at 130.

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 7

pursuant to Federal Rule of Civil Procedure 12(e), and order

repleader, or in the alternative, dismiss the Belizaires' claims

pursuant to Rule 12(b)(6).

In this case, the complaint is organized in a peculiar

manner.  Paragraphs 5 through 20 of the complaint are "Facts

Common to All Counts."  Each count then lists additional facts.

All counts incorporate by reference not only the facts common to

all counts, paragraphs 5 through 20, but also all paragraphs of

the preceding counts.  Thus, Count Three, the breach of contract

claim related to Putnam, incorporates all allegations of the

preceding two counts. That is, facts which are listed under each

defendant are incorporated by reference into counts associated

with other defendants who may have different causes of action

alleged against them.

Within the complaint, the Belizaires allege a number of

facts.  However, due to the structure of the complaint and each

count's wholesale adoption of all previous counts, it is unclear

which claims and which defendants each fact relates to.  This

makes it difficult for the Court to even determine what has been

pleaded for purposes of a motion to dismiss.  Indeed, this lack

of clarity is precisely why this method of pleading is generally

considered to be unacceptable "shotgun pleading." *Wagner v.*

*First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279(11th Cir.

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 8

2006)(noting that pleadings in which all antecedent allegations are incorporated by reference into all subsequent counts make it difficult or impossible for the court to determine if the claims are meritorious).

In *Johnson Enterprises of Jacksonville, Inc. v. FPL Group*, Inc., 162 F.3d 1290 (11th Cir. 1998), the Eleventh Circuit noted that a complaint which obscures the material allegations of each claim is deficient. *See, e.g.*, *Johnson Enters. Of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) (chastising a district court for failing to dismiss or order repleader where a complaint obscured the material allegations by incorporating all previous allegations into subsequent counts). That is, a complaint lacks the required clarity where the defending party would be unable to frame a responsive pleading or determine what factual allegations to respond to. *See* Fed. R. Civ. P. 12(e). Where a complaint is deficient because the complaint fails to link particular facts with particular causes of action, the proper remedy is ordering the repleading of a more definite statement, not dismissal. *See Wagner*, 464 F.3d at 1280; *Johnson Enters.*, 162 F.3d at 1332.

The structure of the complaint here is precisely the type of structure eschewed by the Eleventh Circuit. Indeed, the Belizaires' complaint obscures the material allegations as they

*Belizaire v. Whitecap Inv. Corp.*
Civil No. 2013-66
Order
Page 9

relate to Putnam.  Because the deficiency here is in linking

facts to parties and claims, the Court is persuaded that the

proper remedy is repleader, pursuant to Rule 12(e). *Cf. Wagner*,

464 F.3d at 1280.

The premises considered, it is hereby

**ORDERED** that the Belizaires shall, to the extent they wish

to do so, file an amended complaint no later than October 24,

2014. Failure to replead in accordance with this Order may

result in dismissal; and it is further

**ORDERED** that Putnam's motions to dismiss are **DENIED** without

prejudice.

S\_____

**CURTIS V. GÓMEZ**
**District Judge**